```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
STEVEN YU,
                                    :
              Plaintiff,               MEMORANDUM & ORDER
                                    :
         -against-                     07 Civ. 5541 (GBD)(MHD)
                                    :
NEW YORK CITY HOUSING
DEVELOPMENT CORPORATION et al.,     :

              Defendants.           :
------------------------------------x
```

MICHAEL H. DOLINGER
UNITED STATES MAGISTRATE JUDGE:

The parties are complaining about various aspects of their respective adversaries' performance in producing documents and responding to interrogatories. To assist in resolving these disputes, we required both sides to specify what documents and other information they were seeking and their relevance and gave the parties the opportunity to respond to each others' submissions. (See May 12 & 15, 2008 letters to the Court from Mr. Steven Yu; May 12 & 15, 2008 letters to the Court from Dean L. Silverberg, Esq.).

A. Plaintiff's Requests

Plaintiff lists twenty categories of documents that he seeks and that he claims have either been withheld or else produced in an electronic format other than that which he desires. Unfortunately he fails to provide any meaningful explanation of the relevance of

1

the disputed categories, and we have accordingly relied on our own understanding of the issues in this case and defendants' concessions regarding the relevance of certain materials that are at issue.

Plaintiff belatedly complains that documents have not been produced in ESI format. Defendants have offered to convert their document production into Optical Character Recognition files ("OCR"), a more searchable form than the PDF format that it originally provided. If plaintiff wishes such a conversion, he is to notify defendants' counsel in writing within three days.

To the extent that we have an understanding of plaintiff's first four categories, we conclude that defendants have produced those documents that bear on the claims and defenses in this case, and -- despite plaintiff's suspicions -- have not withheld pertinent documents.

As for categories five through nine, it merits emphasis that plaintiff's request for all e-mails from a number of present and former agency employees covering a multi-year period is overbroad, and that he has failed to justify requiring defendants to undertake a large-scale search of their back-up tapes, which would involve a very substantial expense. Defendants have produced e-mails between

plaintiff and a number of individuals identified by plaintiff, and have agreed to produced equivalent documents for the remaining two individuals recently specified by him.

Defendants have also agreed to produce one document responsive to plaintiff's tenth category and have represented that they have none that respond to his eleventh request. They have also agreed to produce the documents, for the relevant time period, that are called for in plaintiff's twelfth category (contractor time sheets).

Defendants object to plaintiff's thirteenth and fourteenth requests, for "'Supplier' Payments History Reports" and "IRS 1099 Forms and 1099 Payment Reports" for "'contractor/suppliers'" as not relevant, and we agree. The fifteenth request, for EEOC files, has been honored for the relevant time period and work unit. To the extent that plaintiff seeks a broader range of such documents, defendants' objection is upheld.

Plaintiff's sixteenth category asks for all service requests to Oracle Technical Support. Defendants report that they have access only to the last year of Oracle requests, but since plaintiff was no longer employed by HDC during that time period, those documents have not been shown to be relevant.

Plaintiff's next category is for "Technical Support Reference # ('Ref #') with 170systems Inc.'s Technical Support, at http://support.170systems.com[.]" Plaintiff offers no indication of the relevance of these documents, and hence we cannot enforce his request.

Plaintiff's eighteenth category seeks information on the citizenship, visa status and work status of HDC's IT members. These details are not relevant to plaintiff's claims, which concern age and national-origin discrimination. Defendants have provided the data necessary to determine the IT workers' age and ethnic origins, and does not have data on national origin. The added information that plaintiff seeks here will not fill that gap.

The next category concerns job training. Defendants report that they have provided all documents that they have on this matter other than accounting records, which plaintiff does not specifically request and for which he has shown no need. Under the circumstances no relief is warranted.

Finally plaintiff asks for "scripts" run by HPD, including those developed by him. Absent any explanation of the relevance of this request, we decline to enforce it.

4

B. <u>Defendants' Requests</u>

Defendants refer to the existence of notes that plaintiff admits having made during the course of his work with HDC. These notes are not protected by work-product immunity and, if not yet provided, must be produced to defendant.

To the extent that the complaint refers to specific documents, defendants have requested production of those documents (request 2). Plaintiff is to provide them with those documents or advise defendants' attorney in writing that he does not have them. If plaintiff has any documents concerning his consulting relationship with HDC, he is to produce them as well (request 9). If he does not, he is to advise defendants' attorney in writing of that fact.

Defendants have sought documents pertaining to plaintiff's damages (requests 25 and 119). If plaintiff has documents reflecting his loss of income or other injury to him caused by defendants' conduct, he is to provide copies to defendants' attorney. If he does not have any such documents, he is to notify defendants' attorney in writing.

To the extent that defendants have sought documents pertaining to the allegations in the complaint (requests 29-104), if plaintiff

5

has them he is to produce them to defendants' attorney. If he has no responsive documents, he is to so notify defendants' attorney in writing.

Defendants have also sought documents reflecting plaintiff's job searches after June 21, 2006 (requests 122 and 124). They are entitled to that information, and plaintiff is to provide any such documents. He is also to provide a copy of a job-offer letter received from a company named Graphnet. If he has no documents of this kind, he is to so state in writing.

Defendants also seek plaintiff's W-2s, form 1099s and tax returns for 2005, 2006 and 2007. They are relevant to plaintiff's classification of his work status as well as his work income, and must be produced. Plaintiff may delete from the copies produced those items that reflect non-earned income.

As for defendants' interrogatories, they seek, among other things, an identification of any documents or other items that plaintiff removed from HDC at the end of his work there (interrogatory 8). In his response, plaintiff appears to concede that he removed a laptop and Blackberry. He is to advise defendants' attorney in writing as to whether this is a complete accounting of items that he removed from HDC. In addition, since

6

defendant has requested the return of the laptop, he is to provide it.[1]

Defendants also seek a computation by plaintiff of the amount of damages that he seeks (interrogatory 12). Plaintiff is required to provide that information rather than refer generically to the verdict of a jury and the court.

Finally, defendants have sought any documents from plaintiff's most recent employer relating to terms of employment, and the resume plaintiff provided to Graphnet. These too are relevant and must be produced by plaintiff.

CONCLUSION

Plaintiff's and defendants' respective requests to compel further disclosure are granted to the extent noted. The additional responses are to be provided by each side within ten days.

If defendants subsequently wish to reopen the plaintiff's deposition in light of newly disclosed information, they are to

---

[1] Plaintiff suggests that he was not paid for the last period in which he worked for HDC. If so, he may seek to recover that amount in this lawsuit. That is not a basis, however, for withholding the return of the laptop.

make a written application unless plaintiff consents.

Dated: New York, New York
       May 19, 2008

                                      MICHAEL H. DOLINGER
                                      UNITED STATES MAGISTRATE JUDGE

Copies of the foregoing Memorandum and Order have been mailed today to:

Mr. Steven Yu
1025 Esplanade Avenue
Apt. 4G
Bronx, New York 10461

Dean L. Silverberg, Esq.
Epstein Becker & Green, P.C.
250 Park Avenue
New York, New York 10177-1211