UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
STEVE YU,

      Plaintiff,

  -against-

NEW YORK CITY HOUSING DEVELOPMENT
CORPROATION (HDC), and PELLEGRINO
MARICONDA, sued herein in his Official and
Personal Capacity,

      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x



MEMORANDUM DECISION
AND ORDER
07 CV 5541 (GBD)(MHD)

GEORGE B. DANIELS, United States District Judge:

  Pro se Plaintiff Steve Yu brought this action against his former employer, the New York City Housing Development Corporation ("HDC"), and his supervisor at HDC, alleging discrimination on the basis of his race, national origin, and age, as well as retaliatory job assignment, denial of promotion and termination in June 2006. Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, the Employee Retirement Income Security Act of 1974, and the parallel New York State and City statutes. Plaintiff seeks back pay, front pay, and compensation for lost benefits, compensatory damages and punitive damages.

  Defendants moved to dismiss the complaint in its entirety pursuant to Fed. R. Civ. P. 37(b) and 41(b), as sanctions for Plaintiff's longstanding failure to comply with a series of discovery orders pertaining mostly to the production of documents. This Court referred the matter to Magistrate Judge Michael H. Dolinger for a Report and Recommendation. Magistrate

Judge Dolinger issued a Report and Recommendation ("Report") recommending that the Defendants' motion be granted to the extent of precluding Plaintiff from seeking or recovering back or front pay, authorizing Defendants to establish at trial Plaintiff's discovery misconduct and to request an appropriate instruction as to the permissible adverse inferences that the triers of fact may draw from this proof, preventing Plaintiff from using any documents sought by Defendants in discovery and withheld by Plaintiff, and awarding Defendants the expenses of their discovery and sanctions applications, including reasonable attorneys' fees. The Court adopts the Report's recommendations that the specific preclusive and evidentiary sanctions be imposed. Defendants are not awarded the expenses of their discovery and sanctions applications or attorneys' fees at this time.[1]

The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within Report II. 28 U.S.C. § 636(b)(1). When there are objections to a report, the Court must make a de novo determination of those portions of the report to which objections are made. Id.; see also Rivera v. Barnhart, 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(c). It is not required, however, that the Court conduct a de novo hearing on the matter. See United States v. Raddatz, 447 U.S. 667, 676 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. Nelson v. Smith, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d

---

[1] This Court will reserve as a further sanction for future conduct the awarding of expenses and fees.

619, 620 (5th Cir. 1983)). When no objections to a report are made, the Court may adopt the report if there is no clear error on the face of the record. Adee Motor Cars, LLC v. Amato, 388 F. Supp.2d 250, 253 (S.D.N.Y. 2005) (citation omitted). In his report, Magistrate Judge Dolinger advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Plaintiff was granted an extension by this Court to file objections. Plaintiffs timely filed objections to the Report arguing that he produced material during discovery and that any documents he did not produce were irrelevant. This Court has examined the objections and finds them to be without merit. Accordingly, the Court adopts the Report's recommendations that the specific sanctions be imposed.

Plaintiff has repeatedly failed to provide documents sought by Defendants that Magistrate Judge Dolinger ordered him to produce, or to adequately respond to interrogatories that he was ordered to answer. Moreover, Plaintiff's failure to comply persisted, even after being put on notice by the Magistrate Judge that noncompliance could trigger sanctions up to and including dismissal of the action. Such noncompliance prejudices the Defendants and the court's ability to manage this litigation in an efficient and economical manner.

Magistrate Judge Dolinger correctly found that Plaintiff's willful failure to comply implicates the court's authority to impose sanctions under Fed. R. Civ. P. 37(b)(2), 41(b), and 16(f). The Magistrate Judge further determined that there are lesser steps than dismissal that are available sanctions in this situation. Magistrate Judge Dolinger correctly determined that although the sanctions he recommended would largely eviscerate the heart of Plaintiff's claim,

3

Plaintiff's conduct has amply justified it.[2]

The Court adopts the Report's recommendations that the specific sanctions be imposed, except for the immediate award of expenses or attorneys' fees. Any further noncompliance by Plaintiff with any court order will result in immediate dismissal of the action, and may warrant the award of attorneys' fees and costs.

Dated: New York, New York
      March 25, 2010

SO ORDERED:

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge

---

[2] Plaintiff has been on notice that a failure on his part to comply with the discovery rules could trigger sanctions up to and including dismissal of the complaint.

4