UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



------------------------------x

STEVE YU,

              Plaintiff,

     -against-

NEW YORK CITY HOUSING DEVELOPMENT
CORPORATION AND PELLEGRINO
MARICONDA,

             Defendants.

------------------------------x

MEMORANDUM DECISION
AND ORDER
07 Civ. 5541 (GBD)

GEORGE B. DANIELS, United States District Judge:

    Pro se Plaintiff Steve Yu brings this action against New York City Housing Development Corporation ("HDC") and Pellegrino Mariconda, his supervisor, alleging race, age, and national origin discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-1, the Age Discrimination in Employment Act, 29 U.S.C. § 621, and 42 U.S.C. 1983 as well as claims for violation of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. Defendants move for summary judgment pursuant to Fed. R. Civ. P. 56 on all claims.

    This Court referred the matter to Magistrate Judge Dolinger for a Report and Recommendation ("Report"). Magistrate Judge Dolinger issued a Report recommending that Defendants' motion be granted in its entirety.

    The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1). When there are objections to the Report, the Court must make a de novo determination of those portions of the Report to

1

which objections are made. Id.; see also Rivera v. Barnhart, 432 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(c). It is not required, however, that the Court conduct a de novo hearing on the matter. See United States v. Raddatz, 447 U.S. 667, 676 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. Nelson v. Smith, 618 F.Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983)). When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." Adee Motor Cars, LLC v. Amato, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

In his Report, Magistrate Judge Dolinger advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Plaintiff submitted a voluminious objection to Magistrate Judge Dolinger's Report. However, Plaintiff has failed to articulate a meritorious objection.

### A. ERISA Claim

Plaintiff claims he was not paid benefits while he was employed at HDC in violation of ERISA. Under an analysis of the six factors laid out in Rose v. Long Island Railroad, 828 F.2d 910, 914 (2d Cir. 1987), Magistrate Judge Dolinger properly concluded that the HDC qualified as a governmental plan and was exempt from ERISA. Therefore, this Court grants Defendants' motion for summary judgment on Plaintiff's ERISA claim.

### B. Title VII Claims[1]

Plaintiff claims he was discriminated against on the basis of his age, race, and national origin in that he received unfavorable work assignments, was not promoted to a permanent position, and was terminated. Magistrate Judge Dolinger properly determined, under McDonnell Douglas, that Plaintiff had not proffered sufficient evidence to raise an inference of discrimination on any of his claims. In any event, Defendants met its burden of presenting sufficient evidence that it had a legitimate, nondiscriminatory reason for the adverse employment actions it took. Defendants offered substantial evidence that Plaintiff had poor communication skills, lacked professionalism and had trouble working in a team. Plaintiff failed to raise a genuine issue of material fact that these reasons were pretextual. Magistrate Judge Dolinger also properly concluded that Plaintiff's state and city law discrimination claims fail for similar reasons.

Therefore, Defendants' motion for summary judgment on Plaintiff's claims for race, national origin and age discrimination is GRANTED.

### C. Retaliation Claim

Retaliation claims are analyzed under the same McDonnell Douglas burden-shifting analysis. Magistrate Judge Dolinger properly reasoned that Defendants offered legitimate, nondiscriminatory reasons for the adverse actions they took against Plaintiff. Plaintiff has not offered any evidence that demonstrates such reasons were pretextual. Therefore, Defendants' motion for summary judgment on Plaintiff's retaliation claim is GRANTED.

### D. § 1985 Claims

Plaintiff's complaint references a claim arising under 42 U.S.C. § 1985 for conspiracy to discriminate. Magistrate Judge Dolinger properly concluded that Plaintiff has not offered any

---

[1] Magistrate Judge Dolinger properly concluded that the claims against Defendant Mariconda in his official capacity should be dismissed as duplicative of his claims against HDC. See Emmons v. City University of New York, 715 F. Supp. 2d 394, 410-11 (E.D.N.Y. 2010).

3

evidence showing that Defendants conspired against him. Therefore, Defendants' motion for summary judgment on Plaintiff's § 1985 claim is GRANTED.

### E. Final Paycheck

Magistrate Judge Dolinger properly recommended that this Court should decline to exercise supplemental jurisdiction over Plaintiff's unpaid wages claim. Therefore, these claims are dismissed without prejudice.

### Conclusion

This Court adopts the Report and Recommendation. Defendants' motion for summary judgment is GRANTED. Plaintiff's complaint is DISMISSED.

Dated: June 3, 2011
      New York, New York

SO ORDERED:

*George B. Daniels*   JUN 03 2011
GEORGE B. DANIELS
United States District Judge

4